IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE SLOWINSKI, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>STRIVECTIN OPERATING COMPANY, INC.,<br><br>  Defendant. | Case No. 1:21-cv-00406<br><br>**FIRST AMENDED**<br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, CHRISTINE SLOWINSKI ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, and for her First Amended Class Action Complaint against the Defendant, STRIVECTIN OPERATING COMPANY, INC., ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENTS**

1.  This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq*., common law fraud, unjust enrichment, and breach of warranty, resulting from the illegal actions of Defendant, in intentionally labeling its TL Advanced Tightening Neck Cream PLUS with false and misleading claims that they tighten and lift neck skin, when those products do not tighten and lift neck skin. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs, and is a class action in which members of the class are citizens of a State different from the Defendant.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District, and Defendant does business in the Northern District of Illinois.

## PARTIES

4. Plaintiff is an individual and a citizen of Illinois, who was at all relevant times residing in Schaumburg, Illinois.

5. Defendant is a Delaware corporation, whose principal place of business is located in New York, New York.

6. At all times relevant hereto, Defendant was engaged in the manufacturing, marketing, and sale of cosmetic products.

## FACTS COMMON TO ALL COUNTS

7. Defendant manufactures, advertises, markets, sells, and distributes cosmetic products throughout Illinois and the United States under the brand name "StriVectin."

8. During the Class Period Defendant sold TL Advanced Tightening Neck Cream PLUS products (the "Products") that were advertised to tighten neck skin, when those products do not tighten neck skin.

9. Plaintiff's most recent purchase of the Products was on October 12, 2020.

10. Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the qualities of those products.

11. By making false and misleading claims about the qualities of their products, Defendant impaired Plaintiff's ability to choose the type and quality of products she chose to buy.

12. Therefore, Plaintiff has been deprived of her legally protected interest to obtain true and accurate information about her consumer products as required by Illinois law.

13. As a result, Plaintiff has been misled into purchasing products that do not provide her with the benefit of the bargain she paid Defendant money for, namely that the Product would tighten and lift neck skin.

14. The following is a screen shot of Defendant's website advertising the Products as providing clinically proven results:



15. The following is an excerpt of Defendant's website[1] advertising the Products as visibly tightening and lifting neck skin:

**WHAT IT DOES**

**For a More Youthful-Looking Profile**

- Visibly tightens, lifts and firms the neck for a more youthful looking profile
- Smooths the appearance of lines and wrinkles on the neck and décolleté and targets crepey texture
- Strengthens the skin barrier to prevent moisture loss and diminishes the look of discoloration on the décolleté

*Source: The NPD Group, Inc. / U.S. Prestige Beauty Total Department/Specialty, Skincare Product Dollar Sales, Body Part: Neck/Décolleté. Jan. 2018–Dec. 2020 Combined.

16. The following is another excerpt from Defendant's website[2] advertising the Products as tightening and lifting neck skin:

**90%** showed tighter, more lifted skin on the neck and décolleté.*

*Instrumentation testing at 8 weeks

---

[1] https://www.strivectin.com/tl-advanced-tightening-neck-cream-plus-1-7oz
[2] https://www.strivectin.com/tl-advanced-tightening-neck-cream-plus-1-7oz

4

17. Defendant's advertisement in Paragraph No. 16 above claiming that the Product tightens and lifts neck skin implicates some set of results Defendant claims proves the Products work. Topical skin creams and lotions cannot penetrate the skin deep enough to lift sagging skin, therefore Defendant's claims that clinical results show that the Products lift sagging skin are fraudulent.

18. The following is another excerpt from Defendant's website[3] advertising the Products as lifting skin based on an ingredient providing visible lift:



Gravitite-CF Lifting Complex™

improves elasticity and provides visible lift

19. Based on Plaintiff's review of Defendant's advertisements she purchased one of the Products.

20. Defendant's use of before and after photos showing dramatic skin results led Plaintiff to believe she would experience similar results.

---

[3] https://www.strivectin.com/tl-advanced-tightening-neck-cream-plus-1-7oz

5

21. Plaintiff applied the Product as directed by the Product instructions for eight weeks.

22. After eight weeks, Plaintiff saw no improvement in the tightness of her neck skin.

23. The following is a compilation of before and after pictures of Plaintiff's neck skin taken prior to using the Product, after four weeks of using the Product, and after eight weeks of using the Product:



24. Plaintiff did not experience any resulting neck tightening or lift as shown above.

25. The skin is made of four distinct layers, divided into multiple sublayers, all with specific functions and roles.[4] Underneath the outer layer, the epidermis, is the dermis, a complicated layer that acts as the control center for the skin and contains many of the main structural elements that give skin strength and elasticity.[5] In order to reach lower levels of skin, any ingredient molecule must travel through the complicated outer layers before it can influence the structural components responsible for strength and elasticity such as collagen.[6] Collagen and

---

[4] The Royal Society of Chemistry, *Discovering Cosmetic Science*, § 5.1-1 (2021).
[5] *Id.*
[6] *Id.* at § 5.3.

elastin degrade as humans age through a process known as glycation.[7] As collagen and elastin degrade the loss of structure causes sagging and wrinkles. [8] Cream or lotion cannot penetrate the skin deeply enough to lift sagging skin, therefore dermatologist's say that it is not possible for cream or lotion skin tightening products to lift sagging skin.[9]

26. Plaintiff would not have been able to understand that the Products do not contain the above listed qualities without an advanced understanding of dermatology.

27. Furthermore, due to Defendant's intentional, deceitful practice of falsely labeling the Products as tightening and lifting neck skin Plaintiff could not have known that the Products do not contain those qualities.

28. Plaintiff was unaware that the Products do not tighten and lift neck skin when she purchased them.

29. Plaintiff and the Class and Sub-Class members were deceived into paying money for products that do not provide them with the benefit of the bargain their paid money for because the Products were labeled as containing qualities they do not actually contain.

30. Worse than the lost money, Plaintiff and the Class and Sub-Class members were deprived of their protected interest to obtain accurate information about the qualities of the products they use on their bodies.

31. Defendant, and not Plaintiff and the Class and Sub-Class members, knew or should have known that the Products' express labeling that the Products tighten and lift neck skin, were

---

[7] *Id.* at § 5.2.1
[8] *Id.* at § 5.2.1
[9] American Academy of Dermatology Association, Many Ways to Firm Sagging Skin https://www.aad.org/public/cosmetic/younger-looking/firm-sagging-skin

false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products did not tighten and lift neck skin unless Defendant expressly told them.

32. On information and belief, Defendant, through its agents and employees, did know that the Products do not tighten and lift neck skin.

33. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Lost money;

    b. Wasting Plaintiff's time; and

    c. Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## **CLASS ALLEGATIONS**

34. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within three years prior to the filing of the original Complaint through the date of class certification.

35. Plaintiff also brings this action on behalf of herself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows:

> All persons within the State of Illinois who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

36. Defendants, their employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

37. The Class and Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of their members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and Sub-Class include thousands, if not millions of members. Plaintiff alleges that the class members may be ascertained by the records maintained by Defendant and its retailers.

38. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class and Sub-Class are so numerous that joinder of their members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

39. There are questions of law and fact common to the Class and Sub-Class affecting the parties to be represented. The questions of law and fact common to the Class and Sub-Class predominate over questions which may affect individual Class and Sub-Class members and include, but are not necessarily limited to, the following:

   a. Whether Defendant disseminated false and misleading information by advertising and labeling the Products as containing qualities that the Products did not contain;

   b. Whether the Class and Sub-Class members were informed of the lack of the advertised qualities in the Products;

   c. Whether the Products contain the above described qualities;

   d. Whether Defendant's conduct was unfair and deceptive;

   e. Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

    f.  Whether Defendant breached express warranties to Plaintiff, and the Class and Sub-Class members;

    g.  Whether there should be a tolling of the statute of limitations; and

    h.  Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

40. As a resident of the United States and the State of Illinois who purchased the Products, Plaintiff is asserting claims that are typical of the Class and Sub-Class.

41. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and Sub-Class.

42. Plaintiff will fairly and adequately protect the interests of the members of the Class and Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

43. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many Class and Sub-Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

44. The prosecution of separate actions by individual members of the Class and Sub-Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class and Sub-Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class and Sub-Class members to protect their interests.

45. Plaintiff's claims and injuries are identical to the claims and injuries of all Class and Sub-Class members, because all claims and injuries of all Class and Sub-Class members are based on the same false labeling and same legal theories. All allegations arise from the identical, false, affirmative written statements made by Defendant when it claimed the Products contained the above listed qualities.

46. Defendant has acted or refused to act in respect generally applicable to the Class and Sub-Class thereby making appropriate final and injunctive relief with regard to the members of the Class and Sub-Class as a whole.

47. The size and definition of the Class and Sub-Class can be identified through records held by retailers carrying and reselling the Products, and by Defendant's own records.

## COUNT I
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.*

48. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 47 above as if fully reiterated herein.

49. Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as she is a natural person.

50. Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

51. 815 ILCS 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

52. Through its representation that the Products contain the above listed qualities, Defendant made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

53. 815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...
>
> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

54. In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, 815 ILCS 505/2.

55. Defendant failed to comply with the requirements of the ILCFA, including, but not limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

56. By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring

that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

## COUNT II
## COMMON LAW FRAUD

57. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 47 above as if fully reiterated herein.

58. Through its false statements on the Products' packaging, that the Products contained the above listed qualities, Defendant made false statements of material fact.

59. At the time Defendant made its statements to Plaintiff that the Products contained the above listed qualities, it knew, or reasonably should have known, that the statements described above were false.

60. At the time Defendant made the statements to Plaintiff, Defendant intended to induce Plaintiff to purchase the Products.

61. Plaintiff relied upon the truth of the statements described above and purchased the Products, only to find that the Products did not contain the above listed qualities.

62. As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## COUNT III
## UNJUST ENRICHMENT

63. Plaintiff incorporates all of the allegations and statements made in paragraphs 1

13

through 47 above as if fully reiterated herein.

64. Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

65. Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statements that the Products contain the above listed qualities.

66. Defendant's retention of the revenue it received from Plaintiff, and the Class and Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, and the Class and Sub-Class members, as they would not have purchased the Products if they knew the Products did not contain the qualities as listed on the Products' packaging and as advertised on Defendant's website.

67. Defendant's unjust retention of the benefits conferred on it by Plaintiff, and the Class and Sub-Class members, entitles Plaintiff, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

## COUNT IV
## BREACH OF EXPRESS WARRANTIES

68. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 47 above as if fully reiterated herein.

69. Defendant, as the manufacturer, designer, marketer, and seller of the Products, expressly warranted that the Products contain the above listed qualities on the Products' packaging and on Defendant's website.

70. Defendant's express warranties that the Products contain the above listed qualities was part of the basis of the bargain between Plaintiff, and the Class and Sub-Class members, and Defendant.

71. However, the Products do not contain the above listed qualities and do not conform

to the express warranties Defendant made to Plaintiff, and the Class and Sub-Class members, that the Products tighten and lift neck skin.

72. Furthermore, as described above, Defendant had actual knowledge of the above listed defects contained in the Products.

73. As a direct result of Defendant's breach of the express warranties it made to Plaintiff, and the Class and Sub-Class members, they have been injured, because they would not have purchased the Products on the same terms if they knew the Products did not contain the qualities as listed on the packaging, and they did not gain the same benefits they bargained for when purchasing the Products.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c. An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d. Judgment against Defendant in an amount to be determined at trial;

e. An order for injunctive relief prohibiting such conduct by Defendant in the future;

f. Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

      g.      Any other relief deemed just and proper by this Court.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

CHRISTINE SLOWINSKI

By: /s/ Todd M. Friedman
Attorney for Plaintiff
Illinois Attorney No. 6276496
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, California 91367
Phone: (877) 619-8966
Fax: (866) 633-0228
tfriedman@toddflaw.com

/s/ Steven G. Perry
Attorney for Plaintiff
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Phone: (224) 218-0875
Fax: (866) 633-0228
steven.perry@toddflaw.com

/s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com